IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 03-cv-00174-WDM-MJW

OLOYEA D. WALLIN,

  Plaintiff,

v.

F. DYCUS, *et al.*,

  Defendants.

## ORDER

Miller, J.

This case was recently remanded to this Court by the Tenth Circuit (Docket Nos. 269, 271, 272, 276). Therefore, action that will move the case forward is appropriate at this time.

Wallin, an incarcerated prisoner, brought this case against a number of individual defendants (Dycus, Gilbert, Domenico, Traub, Bair, Fuchs, Wederski, Brill, Boujournal, Gillespie, and Ortiz) as well as the institutional defendants the Colorado Department of Corrections (CDOC) and the Correctional Corporation of America (CCA) alleging violations of his Eighth Amendment rights and Colorado tort law. The complaint stems from an incident when Dycus, a prison guard, allegedly used excessive force against Wallin by placing restraints around Wallin's wrists. Wallin's complaint covers this incident as well as the medical treatment, or lack thereof, that followed as well as the response to Wallin's internal grievance regarding the incident.

Defendants filed motions to dismiss (Docket Nos. 25, 32), which Magistrate Judge Watanabe recommended be granted (Docket No. 58). After considering Wallin's objections, on February 4, 2004, I accepted in part and modified in part the recommendation and dismissed for failure to plead exhaustion of administrative remedies the following claims: Claim Two (deliberate indifference against Dycus, Gilbert, and Domenico); Claim Three (failure to intervene against Gilbert); Claim Six against defendants Gilbert and Domenico (deliberate indifference against Dycus, Gilbert, and Domenico); and Claim Seven (deliberate indifference against Traub). (*See* Docket No. 90.) I left the following claims pending: Claim One (excessive force claim against Dycus); Claim Four (tort and battery claims against Dycus); Claim Five (negligence claim against Dycus, Gilbert, and Domenico); Claim Six against Dycus only (deliberate indifference claim against Dycus, Gilbert, and Domenico); Claim Eight (breach of medical confidentiality against Traub); and Claim Nine (intentional infliction of emotional distress against Dycus) but dismissed all other claims. The Order also instructed Wallin to amend his complaint to reflect only the remaining claims and warned him that failure to do so would result in dismissal without prejudice of his remaining claims. This order and warning was repeated on three subsequent occasions (Docket Nos. 101, 105, 126) by both myself and Magistrate Judge Watanabe. When Plaintiff failed to adequately file an amended complaint,[1] I dismissed the remaining

---

[1] Wallin filed an amended complaint on March 10, 2004 (Docket No. 97) which did not comply with my order, instead reasserting many claims that had previously been dismissed. Magistrate Judge Watanabe struck this complaint and ordered Plaintiff to refile an amended complaint which complied with the February 4, 2004 Order by a new deadline. After a third deadline passed and Wallin had still failed to file an adequate amended complaint, I dismissed the entire complaint (Docket No. 258).

claims without prejudice for failure to comply with a court order (Docket No. 258). The order dismissing the complaint addressed the factors articulated in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

Wallin appealed both the dismissal for failure to plead exhaustion of remedies and the dismissal for failure to comply with an order of the court. In an Order dated February 23, 2007[2] the Tenth Circuit upheld the dismissal of the remaining claims for failure to comply with a court order but reversed with respect to the dismissal of the claims for failure to plead exhaustion of administrative remedies (Docket No. 275). The Tenth Circuits reversal was based on *Jones v. Bock*, 127 S.Ct. 910, 921 (2007), which held that exhaustion of remedies was not a pleading requirement as was previously the rule in the Tenth Circuit. Due to the remand the following claims are now pending again: Claim Two (deliberate indifference for failure to obtain medical treatment for Wallin's wrists against Dycus, Gilbert, and Domenico); Claim Three (Eighth Amendment claim for failure to intervene against Gilbert); Claim Six against Gilbert and Domenico only (deliberate indifference for failure to provide Wallin with his prescribed medication against Dycus, Gilbert, and Domenico); and Claim Seven (deliberate indifference for disclosing confidential medical information against Traub).

Given that this case is now five years old, the complicated procedural posture of the case and that, prior to the appeal to the Tenth Circuit, the Court and the defendants were awaiting an amended complaint from Wallin, it is appropriate for Wallin to now file an amended complaint setting forth the remaining pending claims as articulated in this

---

[2] On March 5, 2008, this Order was amended *nunc pro tunc* to February 23, 2007 to correct a typographical error (Docket No. 275).

3

Order. An amended complaint will provide clarification of the pending claims for both the Court and the parties.

Accordingly, it is ordered that Plaintiff Wallin shall file an amended complaint setting forth only Claims Two, Three, Six against Gilbert and Domenico, and Seven by Monday, July 14, 2008. Failure to do so shall result in the remaining claims being dismissed without prejudice.

DATED at Denver, Colorado, on June 16, 2008.
                                          BY THE COURT:


                                          s/ Walker D. Miller
                                          United States District Judge