IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 03-cv-00174-CMA-MJW**

OLOYEA D. WALLIN,

Plaintiff,

v.

OFFICER MR. F. DYCUS, et al.,

Defendants.

## MINUTE ORDER

**Entered by Magistrate Judge Michael J. Watanabe**

It is hereby **ORDERED** that plaintiff's Motion for Recusal of Magistrate Judge Watanabe **(Docket No. 334)** is **denied**. Under 28 U.S.C. § 455(a), a "magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The Tenth Circuit has explained that "disqualification is appropriate only where a reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality." U.S. v. Mendoza, 468 F.3d 1256, 1262 (10th cir. 2006) (quoting In re McCarthey, 368 F.3d 1266, 1269 (10th Cir. 2004)). Here, this court has carefully considered plaintiff's motion, as it does all of the plaintiff's motions, and finds no basis for recusal. While plaintiff complains of and details numerous unfavorable rulings by this court in plaintiff's cases, "[u]nfavorable judicial rulings do not in themselves call into question the impartiality of a judge." Id. See Liteky v. United States, 510 U.S. 540, 554 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . Almost invariably, they are proper grounds for appeal, not for recusal."). Furthermore, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 554. A review of the adverse rulings cited by plaintiff and of his cases that have been or are before this court does not establish any bias or prejudice by this court. There is no legitimate ground for recusal.

It is further **ORDERED** that the plaintiff's Motion for Extension of Time to Submit Reply Brief **(Docket No. 333)** is **granted** to the extent that the plaintiff shall have up to and including **January 30, 2009**, to file his reply in support of his motion for summary

judgment (Docket No. 315). No further extension will be granted.

Date: December 31, 2008

---