IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 03-cv-00174-CMA-MJW

OLOYEA D. WALLIN,

    Plaintiff,

v.

F. DYCUS,
MR. GILBERT,
OFFICER MR. DOMENICO, and
MS. TRAUB,

    Defendants.

**ORDER ADOPTING AND AFFIRMING FEBRUARY 25, 2009 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on Magistrate Judge Watanabe's Recommendations on Defendants' Motion to Dismiss or Alternatively For Summary Judgment and Plaintiff's Motion for Summary Judgment (Doc. # 346).  The Magistrate Judge recommended that the Court grant Defendants' Motion (Doc. # 287) and deny Plaintiff's Motion (Doc. # 315).  Plaintiff filed timely objections to the Magistrate Judge's recommendations (Doc. # 362), Defendants responded to Plaintiff's objections (Doc. # 366), and Plaintiff replied in support of his objections (Doc. # 371).

In light of Plaintiff's objections, the Court has conducted the requisite *de novo* review of the issues, recommendations, and objections.  Based on this review, the Court concludes that with one exception explained below, the Magistrate Judge's

thorough and comprehensive analyses are correct.  However, the Magistrate Judge's error does not affect his overall recommendations that the Court grant Defendants' Motion and deny Plaintiff's Motion.

## DISCUSSION

The Magistrate Judge's recommendations do an excellent job of explaining the facts and procedural history of this case, so the Court will not repeat them in this Order. The Court need only note that Plaintiff has four claims remaining at issue:  (1) claim two against Defendants Dycus, Gilbert, and Domenico for refusing to provide Plaintiff medical treatment for his alleged wrist injuries; (2) claim three against Defendant Gilbert for failing to intervene in Defendant Dycus' alleged excessive use of force; (3) claim six against Defendants Gilbert and Domenico for refusing to provide Plaintiff his prescription medication; and (4) claim seven against Defendant Traub for intentional disclosure of Plaintiff's confidential medical information.  Plaintiff brings each claim under the Eighth Amendment to the United States Constitution.

Defendants moved to dismiss or for summary judgment in their favor on all four claims.  The Magistrate Judge recommended that the Court grant Defendants' Motion for a number of reasons.  First, the Magistrate Judge concluded that Plaintiff failed to exhaust his administrative remedies with regard to claims two and seven.  Next, the Magistrate Judge recommended that the Court dismiss claims two and six because Plaintiff failed to raise a triable issue of material fact regarding whether he suffered substantial harm as a result of Defendants' refusal to provide him with medical care

and prescription medication.  The Magistrate Judge then recommended that the Court dismiss claim three because Plaintiff could not raise a question of material fact regarding whether Defendant Gilbert could have reasonably intervened to prevent Defendant Dycus from using excessive force.  Lastly, the Magistrate Judge recommended that the Court grant summary judgment against Plaintiff on claim seven because Plaintiff could not state an Eighth Amendment violation against Defendant Traub for intentional disclosure of Plaintiff's confidential medical information.

Plaintiff has raised several objections to the Magistrate Judge's recommendations, and the Court addresses each one below.  The Court will address the Magistrate Judge's recommendation regarding administrative exhaustion first because the Court disagrees with the Magistrate Judge on this topic as it relates to claim two.  However, as shown below, the disagreement regarding administrative exhaustion does not preclude summary judgment in Defendants' favor because the Court agrees with the Magistrate Judge's remaining recommendations, and concludes that Plaintiff's claims fail on their merits.

**I.     ADMINISTRATIVE EXHAUSTION**

Plaintiff acknowledges that he must exhaust his administrative remedies through the prison grievance system before bringing a lawsuit challenging prison conditions in this Court.  Indeed, under the Prisoner Litigation Reform Act ("PLRA"), "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until

such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Jones v. Bock*, 549 U.S. 199, 204 (2007) (noting that administrative exhaustion requirement allows prison officials to attempt to resolve disputes prior to litigation).

In his recommendations, the Magistrate Judge concluded that Plaintiff failed to exhaust his administrative remedies *vis-á-vis* claims two (denial of medical treatment against Defendants Dycus, Gilbert, and Domenico) and seven (disclosure of confidential medical information against Defendant Traub). The Magistrate Judge noted that Plaintiff lodged multiple administrative grievances with prison officials regarding certain aspects of his claims, *e.g.*, excessive force and failure to provide Plaintiff with his prescription medication. But, the Magistrate Judge found that Plaintiff did not comply with prison regulations because Plaintiff did not "describe the conduct complained of in a sufficient manner to provide prison officials with an opportunity to remedy the grievance." (Doc. # 346 at 16.)

Plaintiff objects to this recommendation and argues, in part, that he did provide adequate details in his administrative grievances regarding claims two and seven to comply with prison regulations.

Although the Court finds that Plaintiff's objections on this issue are not entirely correct,[1] after reviewing the evidentiary record, the Court concludes that Plaintiff did describe the basis of claim two with enough clarity to comply with the prison regulations.

---

[1] For example, Plaintiff incorrectly argues that he does not have to administratively exhaust those claims which become the subject of a prison administrative disciplinary action.

4

Notably, in the "Offender Grievance Form" dated September 6, 2002, Plaintiff describes the handcuff incident with Defendant Dycus, and states, "I then asked [Defendant Dycus] to see the nurse because of my pain in my wrist, he tells me that nothing is wrong with my wrist and refuses to do so." (Doc. # 279, Attachment B.) In other words, Plaintiff notified prison officials that he asked Defendant Dycus to see a nurse because of his alleged wrist injuries and Defendant Dycus denied his request. Although not a model of clarity, Plaintiff's September 6, 2002 grievance form is sufficiently intelligible to notify prison officials that Plaintiff sought administrative relief for Defendant Dycus' refusal to provide medical care for his alleged wrist injuries.

Therefore, the record reflects that Plaintiff did inform prison officials of the basis of claim two during the administrative process and the Magistrate Judge erred in recommending dismissal of this claim on this ground.[2] However, as shown below, the Court agrees with the Magistrate Judge that claim two should be dismissed on the merits, so the Magistrate Judge's error does not affect the outcome of Defendants' Motion.

---

[2] Notwithstanding the Magistrate Judge's error regarding administrative exhaustion of claim two, the Court concludes that the Magistrate Judge is generally correct regarding Plaintiff's failure to administratively exhaust claim seven. Moreover, as discussed below, the Court concludes that claim seven also fails on the merits.

**II.     PLAINTIFF'S OTHER OBJECTIONS**

Aside from his objection regarding administrative exhaustion of claim two, Plaintiff's objections do not warrant rejection of the Magistrate Judge's recommendations, especially with respect to the lack of merit of the claims.

A.     <u>Motion for Summary Judgment Versus Motion to Dismiss</u>

Plaintiff objects to the Magistrate Judge's decision to treat Defendants' Motion as a motion for summary judgment under Federal Rule 56, rather than a motion to dismiss under Federal Rule 12. Plaintiff argues that this decision lead the Magistrate Judge to issue his recommendations on Defendants' Motion before Plaintiff could conduct discovery to respond to the Motion. Plaintiff argues that, under the Federal Rules, the Magistrate Judge should have either recommended denial of Defendants' Motion, or recommended that the Court give Plaintiff more time to conduct discovery. The Court agrees with the Magistrate Judge.

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). In this case, the Magistrate Judge relied on matters outside of the pleadings in issuing his recommendations on Defendants' Motion. Thus, the Magistrate Judge correctly treated the Motion as one for summary judgment under Federal Rule 56.

Federal Rule 12(d) also states, "All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P.

12(d). The Magistrate Judge gave Plaintiff such an opportunity in this case. In fact, Plaintiff had already issued discovery requests at the time that Defendants filed their Motion. However, Plaintiff's discovery requests did not comport with the rules of procedure and, by the time the Magistrate Judge issued his recommendations, the Court had refused to compel Defendants to answer the discovery requests that Plaintiff argues were necessary for him to respond to Defendants' Motion. (*See* Doc. ## 201 and 220, denying Plaintiff's motions to compel.) Thus, even if the Magistrate Judge had waited for Plaintiff to conduct more discovery before recommending disposition of Defendants' Motion, Plaintiff has not shown that the additional discovery he might have conducted would have changed the Magistrate Judge's recommendation.

Plaintiff fares no better under Federal Rule 56(f).[3] That rule allows a party to request that a court to deny a motion for summary judgment or hold off on issuing a decision if the responding party cannot come forward with his own affidavits or evidence to rebut the motion. To take advantage of Federal Rule 56(f), the responding party

---

[3] Federal Rule 56(f) states:

When Affidavits Are Unavailable.

If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) deny the motion;

(2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or

(3) issue any other just order.

must file an affidavit providing specific reasons why he cannot respond to the motion for summary judgment. Fed. R. Civ. P. 56(f) ("When Affidavits Are Unavailable. * * * If a party opposing the motion *shows by affidavit* that, for specified reasons, it cannot present facts essential to justify its opposition . . . .") (emphasis added); *see also DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993) (affirming summary judgment against *pro se* litigant prior to close of discovery when litigant failed to file Rule 56(f) affidavit).

In this case, Plaintiff did not file a timely affidavit establishing why he could not present "facts essential to justify [his] opposition" to Defendants' Motion. Plaintiff did file a Rule 56(f) affidavit as an attachment to his objections to the Magistrate Judge's recommendations, but this affidavit came some seven months after he filed his response to Defendants' Motion. (Doc. # 362, Ex. 8). The Court cannot ignore the untimeliness of Plaintiff's affidavit. Since the Magistrate Judge made his recommendation on Defendants' Motion, to allow Plaintiff to backtrack seven months would unfairly prejudice Defendants.

Even if Plaintiff's Rule 56(f) affidavit had been timely, Plaintiff has not convinced the Court that additional discovery is necessary. Courts have discretion to grant relief under Federal Rule 56(f), and a party seeking discovery must do more than merely complain that discovery is incomplete to obtain relief. *See Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1308 (10th Cir. 2007). Indeed, Plaintiff's affidavit merely

repeats Plaintiff's arguments from previously denied motions to compel, and it fails to convince the Court that it should permit Plaintiff time to conduct additional discovery.

As such, the Court concludes that the Magistrate Judge acted correctly in treating Defendants' Motion as a motion for summary judgment and recommending a disposition when he did.

B.     Excessive Force Versus Deliberate Indifference

Plaintiff also contends that the Magistrate Judge erred in refusing to apply the legal standard for an excessive force claim to claim two, which arises out of Defendants Dycus, Gilbert, and Domenico's alleged refusal to provide medical treatment for Plaintiff's wrist injuries.  Plaintiff argues that claim two would not have accrued but for Defendant Dycus' use of excessive force and, therefore, the Magistrate Judge erred in applying the legal standard for a deliberate indifference claim.

Although both claims may arise under the Eighth Amendment, it is well established that claim for excessive force is separate in legal theory from a claim for deliberate indifference.  *Compare Oxendine v. Kaplan*, 241 F.3d 1272, 1275-76 (10th Cir. 2001) (discussing standard applicable to deliberate indifference claim) *with Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (discussing standard applicable to excessive force claim).  Indeed, Plaintiff recognized the existence of two distinct legal theories in his early pleadings when he alleged both an excessive force claim and a deliberate indifference claim.  If the Court were to indulge Plaintiff's argument, it would ignore this critical distinction between the two legal theories and might actually diminish the relief

available to victims of deliberate indifference by adding an element of excessive force when no such element has been previously required.

Therefore, the Court concludes that the Magistrate Judge applied the correct legal standard to claim two.

  C.  <u>No Material Factual Disputes Exist</u>

Plaintiff also contends that various factual disputes exist, particularly with regard to claims two and three. On account of these alleged disputes, Plaintiff argues that the Magistrate Judge erred in recommending that the Court grant summary judgment for Defendants. *See* Fed. R. Civ. P. 56(c). However, the Court agrees with the Magistrate Judge and concludes that, even if factual questions remain, they are not material.

Regarding claim two, the Magistrate Judge found that Plaintiff could not raise a triable issue of material fact concerning whether Plaintiff suffered "substantial harm" as a result of Defendants' refusal to provide medical care for Plaintiff's allegedly injured wrists. Plaintiff objects and contends that he presented evidence indicating that a doctor diagnosed him with nerve damage to his wrists as a result of the handcuffing incident. Plaintiff contends that this purported diagnosis raises a question of material fact on the issue of whether he suffered substantial harm.

However, Plaintiff does not actually provide a doctor's diagnosis or report regarding his injury, he just makes the unsupported allegation in his own affidavit. In contrast to Plaintiff's objection, he cannot defeat a motion for summary judgment by standing on his own unsupported, self-serving allegations. *See Murray v. City of*

*Sapulpa*, 45 F.3d 1417, 1422 (10th Cir. 1995). Thus, Plaintiff's allegations regarding a doctor's diagnosis do not create a triable dispute of fact.

Additionally, as the Magistrate Judge pointed out, Plaintiff has yet to seek treatment for his wrists at any of the prison institutions where he has been housed since the incident with Defendant Dycus. This failure to seek treatment implies that Plaintiff's injuries, whether they resulted from the handcuffing itself or a delay in treatment, are not "substantial." Moreover, Defendant Traub's investigation into Plaintiff's injuries revealed that Plaintiff suffered only slight bruising and redness, nothing near the type of substantial, life-threatening harm required to sustain an Eighth Amendment deliberate indifference claim.

Regarding claim three, which arises from Defendant Gilbert's alleged failure to interrupt Defendant Dycus' use of excessive force, the Magistrate Judge concluded that the incident happened so quickly that Defendant Gilbert did not have a reasonable opportunity to intervene. Plaintiff argues that a factual dispute exists concerning the length of time that Defendant Dycus placed Plaintiff in the handcuffs and, thus, a dispute exists regarding whether Defendant Gilbert did, in fact, have a reasonable chance to intervene.

Plaintiff has offered no evidence to raise a dispute regarding the length of time that Defendant Dycus placed him in the handcuffs. Instead, Plaintiff admitted in his deposition that he could not "even recall exactly how long" the cuffs were on his wrists. Plaintiff cannot raise a triable dispute by citing to facts he cannot remember. Plaintiff

11

also acknowledged that Defendant Dycus removed the handcuffs almost immediately after Plaintiff complained about the cuffs being too tight. The fact that Defendant Gilbert has not offered any statement regarding the altercation does not preclude the Court from granting summary judgment because the undisputed facts in the record provide enough description of the incident to allow for a decision under the appropriate legal standard. In short, the facts in the record reveal that Defendant Gilbert had no *reasonable* opportunity to intervene because Defendant Dycus responded to Plaintiff's complaints almost immediately. *See, e.g., Gruenwald v. Maddox*, 274 Fed. Appx. 667, 674 (10th Cir. 2008) (noting that an officer "who fails to take reasonable steps to protect the victim of another officer's excessive use of force can be held liable for his nonfeasance") (unpublished) (citing *Fundiller v. City of Cooper City*, 777 F.2d 1436, 1442 (11th Cir. 1985)).

Thus, the Court agrees with the Magistrate Judge that no questions of material fact preclude summary judgment in favor of Defendants on claims two and three.

D.   The Magistrate Judge Applied the Legal Correct Standard to Claim Six

The Magistrate Judge recommended summary judgment against Plaintiff on claim six on the basis that Plaintiff could not show that Defendants Gilbert and Domenico caused him to suffer substantial harm by refusing to give him his prescription skin cream on July 3, 2002. The Magistrate Judge based his conclusion, in part, on the undisputed fact that Plaintiff never sought a doctor's treatment for any related injury after Defendants Gilbert and Domenico allegedly refused to provide Plaintiff with his

12

skin cream. Plaintiff construes the Magistrate Judge's recommendation as imposing a specific requirement that he must seek a doctor's advice before allowing him to state an Eighth Amendment claim for deliberate indifference.

After reviewing the Magistrate Judge's recommendation, the Court concludes that Plaintiff has simply misinterpreted the Magistrate Judge's decision. The Magistrate Judge did not intend to add an additional element to Plaintiff's claim; rather, the Magistrate Judge simply pointed out that Plaintiff's failure to visit a doctor supports the conclusion that no question of material fact exists regarding the substantial harm element.

Thus, the Court concludes that the Magistrate Judge applied the correct legal standard and correctly determined that Plaintiff could not raise a triable issue of material fact concerning the substantial harm element of this claim.

### E.     Claim Seven Fails to State An Eighth Amendment Violation

Claim seven alleges that Defendant Traub violated Plaintiff's Eighth Amendment rights by disclosing Plaintiff's confidential medical information. The Magistrate Judge recommended that the Court grant summary judgment against Plaintiff on claim seven because Plaintiff failed to exhaust his administrative remedies and did not suffer a physical injury. Plaintiff objects to both recommendations. First, Plaintiff contends that the Magistrate Judge erred in requiring Plaintiff to administratively exhaust this claim because he received a "Notice of Charges" regarding the incident. Thus, according to Plaintiff, he did not need to file an administrative grievance. Second, Plaintiff contends

that the PLRA, as applied by the Magistrate Judge to preclude Plaintiff's claim on the basis of the physical injury requirement, is unconstitutional.[4]

First, the Court finds nothing in the prison regulations, PLRA, or case law that would excuse Plaintiff from the administrative exhaustion requirement because Plaintiff received a Notice of Charges relating to Defendant Traub's disclosure of Plaintiff's injuries to Defendant Dycus. Although prison regulations preclude an inmate from using the administrative grievance process to challenge a disciplinary finding, *i.e.*, a Notice of Charges, the regulations do not exempt Plaintiff from having to pursue his administrative remedies before filing this lawsuit. Thus, the Magistrate Judge correctly recommended that the Court dismiss this claim without prejudice.

With respect to Plaintiff's argument that the PLRA physical injury requirement is unconstitutional, the Tenth Circuit Court of Appeals has already held to the contrary. *See Searles v. Van Bebber*, 251 F.3d 869 (10th Cir. 2001). Plaintiff offers no reason to side-step *Searles* under the facts of this case. Thus, to the extent Plaintiff seeks compensatory damages for Defendant Traub's alleged disclosure of confidential information, the claim is barred by the PLRA because Plaintiff did not suffer a physical injury as result of Defendant Traub's actions.

---

[4] The PLRA provides in relevant part that:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody *without a prior showing of physical injury.*

42 U.S.C. § 1997e(e) (emphasis added).

Moreover, to the extent Plaintiff seeks declaratory and/or punitive relief, the Court need not wade too deeply into Plaintiff's constitutional challenge because it finds that, apart from any constitutional infirmity, Plaintiff has failed to state an Eighth Amendment violation.  First, Plaintiff's right to maintain the confidentiality of Defendant Traub's notes regarding Plaintiff's wrist injuries is dubious at best.  Indeed, the cases cited by Plaintiff do not stand for the proposition that Plaintiff cites them for.  *Anderson v. Romero*, 72 F.3d 518, 523 (7th Cir. 1995), held that prisoners *do not* have a clearly established right to confidentiality in their HIV status.  In a similar vein, *Harris v. Thigpen*, 941 F.2d 1495, 1513 (11th Cir. 1991), held that prison officials did not violate inmates' constitutional rights by segregating HIV-positive inmates from the general prison population.

Even if the cases cited by Plaintiff did create a viable cause of action, Plaintiff cannot establish a key element of liability:  the confidentiality of the information allegedly disclosed.  Plaintiff claims that Defendant Traub disclosed information regarding Plaintiff's wrist injuries to Defendant Dycus.  However, Plaintiff ignores the fact that there was nothing confidential about the information Defendant Traub allegedly disclosed to Defendant Dycus.  Indeed, Defendant Dycus already knew about Plaintiff's alleged wrist injuries because Plaintiff told Defendant Dycus about the injuries.  The anatomical form completed by Defendant Traub contained no new, previously-undisclosed information to which Defendant Dycus was not already privy.  In fact, Defendant Dycus' knowledge of Plaintiff's injuries is the basis for claim two.  Moreover, as Defendants point out, the anatomical form that Defendant Traub allegedly disclosed

to Defendant Dycus is not typically used to document confidential medical data but, rather, it is an administrative form used to document an incident between an inmate and prison staff.

Thus, Plaintiff's objections to the Magistrate Judge's recommendations on claim seven fail to persuade.

## **CONCLUSION**

The Magistrate Judge erred in recommending that this Court dismiss claim two because of Plaintiff's failure to exhaust his administrative remedies. However, the Court concludes that the Magistrate Judge's recommendations to grant summary judgment against each of Plaintiff's claims on the merits are both thorough and correct.

Accordingly,

IT IS ORDERED that the February 25, 2009 Recommendations on Defendants' Motion to Dismiss or Alternatively For Summary Judgment (Doc. # 346) are AFFIRMED and ADOPTED, and that Defendants' Motion to Dismiss or Alternatively For Summary Judgment (Doc. # 287) is GRANTED;

IT IS FURTHER ORDERED that the Magistrate Judge's February 25, 2009 Recommendations on Plaintiff's Motion for Summary Judgment are AFFIRMED and ADOPTED, and that Plaintiff's Motion (Doc. # 315) is DENIED;

IT IS FURTHER ORDERED that Plaintiff's outstanding motions for reconsideration (Doc. # 294) and consolidation (Doc. # 302) are DENIED AS MOOT; and

This matter is DISMISSED WITH PREJUDICE.

DATED: August __13__, 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge